UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DONALD SANCHEZ,<br><br>　　　　Petitioner,<br><br>v.<br><br>LYDIA ROMERO, WARDEN,<br><br>　　　　Respondent. | Case No.  CV 14-6674-SVW(AJW)<br><br>MEMORANDUM AND ORDER<br>DISMISSING PETITION |

　　In 2004, petitioner was convicted of one count of second degree murder.  He was sentenced to state prison for a term of fifteen years to life. [Petition at 2].  On March 18, 2008, he filed a petition for a writ of habeas corpus in this Court challenging his 2004 conviction. Case No.  CV 08-1809-SVW(AJW).  The petition was dismissed with prejudice on May 4, 2011.  The Ninth Circuit subsequently denied petitioner's request for a certificate of appealability.

　　Petitioner filed the present petition for a writ of habeas corpus on August 26, 2014.  Like the petition previously filed by petitioner, the current petition challenges petitioner's 2004 murder conviction. [Petition at 2].

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). A federal court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right or (2) the factual basis of the claim was not previously discoverable through due diligence, and those new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). It is not the district court, however, that decides whether a successive petition may proceed. Rather, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Absent authorization from the Court of Appeals, this Court lacks jurisdiction over this successive petition. Burton v. Stewart, 549 U.S. 147, 152-153, 157 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001), cert. denied, 538 U.S. 984 (2003).

Petitioner's prior habeas corpus petition was denied on the merits. Because petitioner has not obtained leave from the Court of Appeals to file a successive petition,[1] this Court lacks jurisdiction to consider it. Accordingly, the petition for a writ of habeas corpus

---

[1] Petitioner may have intended to file this petition in the Court of Appeals. At the same time as he filed the petition, he filed a document entitled "Motion for Request to File Petition," in which he seeks leave to file a second or successive petition based upon allegations that he is actually innocent. It does not appear, however, that petitioner ever filed the document in the Ninth Circuit. Nothing in this order precludes petitioner from doing so.

is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: September 3, 2014

_____
Stephen V. Wilson
United States District Judge